H. B. CLAFLIN CO. v. PATTON et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

BILL OF PARTICULARS.

 Where defendant, being sued on a guaranty executed by her and a codefendant, and delivered to the plaintiff, answered that the guaranty was obtained by the plaintiff and others in collusion with it by fraudulent misrepresentations made on plaintiff's behalf at the instigation of a certain person, and the plaintiff, in a motion for a bill of particulars, stated that no one connected with it had any dealings with such person, with one exception, and that it had no knowledge regarding the defense, plaintiff was entitled to a bill of particulars setting forth the manner and character of the alleged fraud.

Appeal from special term,. New York county.

Action by the H. B. Claflin Company against Carrie Patton and others. From an order denying plaintiff's motion for a bill of particulars, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

A. H. Parkhurst, for appellant.

A. W. Sherman, for respondent.

PATTERSON, J. From an order denying a motion made by the plaintiff for a bill of particulars an appeal is taken. That the motion was properly denied, as to most of the matter in respect of which information was sought, is plain, but in respect of one subject only we think it should have been granted. The defendant Jane Knapp is sued upon a guaranty executed by her and a co-defendant, and delivered to the plaintiff. In her answer, Jane Knapp sets up as a separate defense, that, if the instrument mentioned in the complaint was executed by her, it was obtained by the plaintiff, and others in collusion with it, by fraud and misrepresentations, and that such fraud and misrepresentations were made by and on behalf of the plaintiff, at its instigation and upon its authority, by one Jesse T. Higgins, her brother. In support of the motion an affidavit of W. B. M. Jordan was presented, from which it appears that no one connected with the plaintiff corporation had any dealings with Higgins, except himself, and that he never saw the defendant Knapp, or dealt with her, and had no knowledge whatsoever regarding her defense, and that the guaranty upon which the plaintiff's cause of action rests was received by mail from the defendant; and he further states that neither he nor any officer of the plaintiff corporation knows anything regarding the alleged fraud or false representations set up by the defendant Knapp, and that no one connected with the plaintiff has any knowledge of what the alleged false representations were, or when they were made. The plaintiff moved that the defendant be required to give a bill of particulars stating, among other things, the fraud or false representations by which the said guaranty was obtained, and the nature, manner, and character thereof, and whether written or oral, and when and where and by whom made, perpetrated, and practiced. The answer states by whom the alleged misrepresentations were made, but what those representations were, and when and where they were made, should be disclosed, in order that the plaintiff may be enabled to prepare properly for the trial of the action.

For this reason, the order should be reversed and the motion granted, to the extent of requiring the defendant Knapp to state what the alleged false representations were, and when and where they were made, without costs to either party. All concur.